IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABLA DZADZA APENYUIAGBA, | |
| Plaintiff, | 8:19CV30 |
| vs. | |
| OMAHA NURSING HOME AND REHAB, ANN GRAY, EMILY, and STEPHANIE, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed a Complaint in this matter on January 23, 2019. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff's Complaint consists of a form civil complaint and a form complaint for employment discrimination. (Filing No. 1.) Plaintiff sues her former employer, Omaha Nursing and Rehab, and staff members Ann Gray, Emily, and Stephanie (collectively "Defendants") alleging that Defendants discriminated against her on the bases of race and color, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and based on her disability or perceived disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117. (Id. at CM/ECF pp. 8–9.) Plaintiff also checked the box on the form complaint indicating that Defendants discriminated against her based on her age, but did not include her age nor did she check the box on the form to indicate she brought this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. (Id.)

Plaintiff alleges the following facts in support of her claims:

> I was sick and asked permission to go home when I was asked to work in another hall. I was reported to the administration that I refused assignment. I worked all night with pain and accepted additional tasks that I was unable to go back to work and called in. I was hurt at work and the[y] refused to pay medical bills. I was also exposed to disease[.]
> . . . .
> I was terminated and couldn't do my usually [sic] jobs due to my work restrictions[.] I was intimitaded [sic] and harassed at work that traumatized me. I was discriminated. I was not pay fairly. I was refused to get vacation and breaks[.] I am still suffering from my injuries and the staff of Omaha Nursing and Rehab still reporting what happened to my other employer.

(*Id.* at CM/ECF pp. 4–5.)

As relief, Plaintiff seeks damages for lost wages and medical bills. (*Id.* at CM/ECF p. 11.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff has alleged claims of discrimination, harassment, and retaliation based on race, color, and disability under Title VII and the ADA. The Complaint, however, fails to allege that Plaintiff has exhausted her administrative remedies as required.

Both Title VII and the ADA require a plaintiff to exhaust her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims under the ADA). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint

may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff has not filed a copy of her right-to-sue notice nor has she set forth the date on which she received a right-to-sue notice from the EEOC and/or NEOC with respect to her charge of discrimination. (*See* Filing No. 1 at CM/ECF p. 10.) Thus, the court cannot determine whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to file a copy of her right-to-sue notice with the court. In the alternative, Plaintiff may amend her complaint to allege whether she exhausted her administrative remedies with the EEOC/NEOC and, if so, the date on which she received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to file a copy of any right-to-sue notice received from the NEOC/EEOC. In the alternative, Plaintiff may amend her complaint within 30 days to allege whether she exhausted her administrative remedies with the EEOC/NEOC and, if so, the date on which she received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **February 10, 2020**: Check for Plaintiff's amended complaint and response.

Dated this 10th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge