IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABLA DZADZA APENYUIAGBA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>OMAHA NURSING HOME AND REHAB, ANN GRAY, EMILY, and STEPHANIE,<br><br>　　　　　Defendants. | **8:19CV30**<br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the court on Plaintiff's response (filing nos. 9 & 10) to the court's order (filing no. 8) requiring her to show cause why this case should not be dismissed for her failure to file suit within 90 days of receipt of a right-to-sue letter from the Nebraska Equal Opportunity Commission ("NEOC") and/or Equal Employment Opportunity Commission ("EEOC"). Specifically, the court directed Plaintiff to file a copy of the right-to-sue notice and, if Plaintiff did not file suit within 90 days of her receipt of a right-to-sue notice, to also show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period. (Filing No. 8 at CM/ECF pp. 1–2.)

　　On April 20, 2020, Plaintiff filed her response which included a copy of a right-to-sue notice from the EEOC dated October 15, 2018. (Filing No. 10 at CM/ECF p. 1.) Presuming Plaintiff received the right-to-sue notice on October 18, 2018, the 90-day period for filing a complaint expired on January 16, 2019. *See* Fed.R.Civ.P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a)."). Plaintiff filed her Complaint in this court on January 23, 2019, seven days after the 90-day limitations period had expired. In a handwritten notation on the bottom of the

right-to-sue notice, Plaintiff appears to argue that the limitations period should be tolled because on or about January 15, 2019, she "called many times but because the government was shut down" she could not receive "help." (Filing No. 10 at CM/ECF p. 1.)

The 90-day limitations period in 42 U.S.C.A. § 2000e-5(f)(1) is not jurisdictional and is subject to equitable tolling. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123 (8th Cir. 1989) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). In *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the Eighth Circuit Court of Appeals explained the kinds of circumstances that can support the equitable tolling of a limitations period:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." *Larson v. Am. Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979).

*Turner*, 862 F.2d at 710; *see also Hill*, 869 F.2d at 1124 & n.2 (cataloguing the types of instances in which waiver or equitable tolling is warranted and noting that courts have generally reserved the remedy of equitable tolling for circumstances which are truly beyond the control of the plaintiff or when the conduct of the respondent has lulled the plaintiff into inaction). Equitable tolling, however, is an exceedingly narrow window of relief.

In her response, Plaintiff reiterates several of her allegations regarding mistreatment at the hands of her employer and various injuries from which she has

suffered but does not allege that such mistreatment or injuries bear any relation to her inability to timely file suit in this court. (*See* Filing No. 9.) As best the court can determine, the only basis for equitable tolling asserted by Plaintiff is her inability to get "help" around January 15, 2019 due to the government shut down. (Filing No. 10 at CM/ECF p. 1.) Plaintiff does not specify the "help" she sought or from whom, but it appears she at least may have been trying to contact the EEOC to express dissatisfaction with the handling of her discrimination charge. (*Id*. at CM/ECF p. 22 (March 7, 2019 letter from EEOC to Plaintiff acknowledging Plaintiff's correspondence received on January 2, 2019).) However, nothing in Plaintiff's response indicates that the EEOC somehow prevented her from complying with the 90-day rule nor can it reasonably be inferred that the court somehow denied Plaintiff the opportunity to timely file suit as the court continued operations through January 2019 during the government shutdown. *See* United States Courts January 16, 2019 Public Notice, "Judiciary to Continue Funded Operations Until Jan. 25" at https://www.uscourts.gov/news/2019/01/16/judiciary-continue-funded-operations-until-jan-25. Thus, Plaintiff's allegations relating to the government shut down fail to demonstrate "extraordinary circumstances" that would warrant equitable tolling. *See Hykes v. Lew*, No. 15-2599-STA-DKV, 2016 WL 737948, at \*4 (W.D. Tenn. Feb. 23, 2016), *aff'd*, No. 16-5509, 2017 WL 4863108 (6th Cir. Mar. 1, 2017) (concluding plaintiff's lack of access to relevant information related to his administrative appeal to the EEOC due to government shutdown did not excuse plaintiff's failure to timely file appeal as plaintiff had all necessary information to present timely appeal and had actual notice of filing deadline prior to shutdown). In addition, Plaintiff has not alleged that Defendants prohibited her from timely filing suit.

Based on the foregoing, the court finds that Plaintiff filed the present suit more than 90 days after she received her right-to-sue notice and has failed to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day time period.

3

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice.

2. The court will enter judgment by a separate document.

Dated this 18th day of May, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge
