IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABLA DZADZA APENYUIAGBA,<br><br>        Plaintiff,<br><br>  vs.<br><br>OMAHA NURSING HOME AND REHAB, ANN GRAY, EMILY, and STEPHANIE,<br><br>        Defendants. | 8:19CV30<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on Plaintiff's Motion for Extension of Time. (Filing 19.) Liberally construed, Plaintiff seeks an extension of time to file her notice of appeal pursuant to Fed. R. App. P. 4(a)(5).

      On May 18, 2020, the court entered a Memorandum and Order and Judgment dismissing Plaintiff's Complaint with prejudice. (Filings 11 & 12.) On June 18, 2020, Plaintiff filed a notice of appeal. (Filing 13.) In a letter dated June 25, 2020, the Clerk of the United States Court of Appeals for the Eighth Circuit informed Plaintiff that her notice of appeal appears to be untimely and informed Plaintiff of the procedure for filing a motion for an extension under Federal Rule of Appellate Procedure 4(a)(5). (Filing 18.) Plaintiff filed her motion for extension on July 20, 2020. (Filing 19.)

      Rule 4 of the Federal Rules of Appellate Procedure requires a party to file a notice of appeal within 30 days after the challenged judgment is entered. Fed. R. App. P. 4(a)(1). Rule 4(a)(5) allows a party to move the district court to extend the time to file a notice of appeal if "(a) he moves no more than thirty days after the original thirty day deadline has passed, and (b) he shows good cause." *Pugh v. Minnesota*, 380 Fed. Appx. 558, 559 (8th Cir. 2010); *see also* 28 U.S.C.A. §

2107(c) (West) ("The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause.").

Here, the original thirty-day deadline for Plaintiff to file a notice of appeal expired on June 17, 2020. Under Rule 4(a)(5), Plaintiff needed to file a motion to extend the time to file a notice of appeal in this court by July 17, 2020, in order for the motion to be timely. Plaintiff's motion to extend was filed on July 20, 2020, and is, thus, untimely. While Plaintiff's motion is dated July 17, 2020 and appears to have been mailed on that date, Plaintiff is not entitled to any extension of the time limits for filing a notice of appeal under Fed.R.Civ.P. 6(d) which provides for a three day extension to limitations periods under the Federal Rules of Civil Procedure when service is made by mail. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179, 1181 (8th Cir.1975) (concluding prior version of Rule 6(d) does not apply when the time for acting is designated from the "entry of judgment" as opposed to "the service of notice" by mail); *see also* Fed. R.App. P. 26(b)(1) (court may not extend time to file notice of appeal except as authorized by Rule 4).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Extension of Time to File a Notice of Appeal (Filing 19) is denied. The clerk of the court is directed to transmit a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals as a supplement to the Notice of Appeal.

Dated this 23rd day of July, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge